■ RAYMOND J. KEAYS, as Administrator of the Estate of MARIE R. KEAYS, Deceased, Appellant, v. VANDERHEYDEN HALL, INC., Respondent.— *Per Curiam.* In actions where recoveries are sought for wrongful death and conscious pain and suffering plaintiff administrator appeals from an order of the Supreme Court at Special Term directing him to furnish defendant with the written authorizations permitting it to obtain and make copies of relevant hospital records. The pleaded theory of the causes of action is that deceased on October 14, 1961, as the result of a fall occasioned by defendant's negligence sustained severe personal injuries which required extensive hospital care and treatment and from which she died on December 5, 1961. As pertinent here CPLR 3121 (subd. [a]) provides: "After commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy, any party may serve notice on another party to submit to a physical [or] mental * * * examination by a designated physician

\* \* \*. The notice may require duly executed and acknowledged written authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition ". The provisions of the section requiring complete disclosure of all hospital records, on service of a notice, are in our view available in actions for conscious pain and suffering and for wrongful death where, as here, the injuries and their proximate fatal consequence, asserted as bases of the right to recover damages, are in controversy. Any other conclusion would limit the applicability of the liberalized procedures in a substantial segment of tort litigation — an intent which we cannot in reason ascribe to the Legislature. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur. [43 Misc 2d 399.]